IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DESIRE AGBOZOUHOUE,** | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 07-2803 |
| v. | : | |
| | : | |
| **TOTAL SERENITY DAY SPA, et al.,** | : | |
| Defendants. | : | |

<u>MEMORANDUM AND ORDER</u>

Stengel, J.                                                                                              August 16, 2007

Pro se plaintiff Desire Agbozouhoue filed with this court a complaint against Total Serenity Day Spa, Marlena Barik, and Giavanni Scott. Along with the complaint, the plaintiff filed a motion to proceed *in forma pauperis*, which I now consider. For the following reasons, I will grant the plaintiff's motion to proceed *in forma pauperis*, but dismiss the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and for lack of jurisdiction.

**I.   BACKGROUND**

Plaintiff is from the African nation of Togo, but is a permanent resident of Pennsylvania. He is a professional certified massage therapist. In March of this year, Total Serenity Day Spa (hereinafter "the Spa") hired the plaintiff as its Operations Manager. According to the complaint, the Spa is incorporated and has its principal place of business is Pennsylvania. Defendant Marlena Barik is the Spa's Manager and she is a resident of the Commonwealth of Pennsylvania. Defendant Giavanni Scott is the Spa's President and she is citizen and resident of Anguilla. The complaint does not indicate

whether the plaintiff still works for the Spa, but in his statement in support of his request to proceed *in forma pauperis*, the plaintiff indicates he is currently employed at the Spa in Philadelphia.

According to the "Introduction" section of the complaint, the defendants instituted an intimidation and discrimination campaign against the plaintiff because of his African race. However, the only specific event alleged by the plaintiff in furtherance of this campaign was the action of a third party, who was a friend of the Spa. "Mr. Roberts was secretly recruited to humiliate, embarrass and degrade Plaintiff and his African race." The Introduction also states that the plaintiff's First Amendment rights are being violated due to the defendants' class-based animus.

The remainder of the complaint alleges the following, *inter alia*: (1) the Spa defrauds its employees and government tax agencies by failing to deduct the appropriate taxes from payroll checks, cheating on taxes, and paying employees with checks from overdrawn accounts; (2) motivated by greed, the Spa breached a contract with the plaintiff by not paying him his agreed upon salary and denied him the right to voice his unwillingness to be part of the Spa's criminal activities; and (3) motivated by "an invidious class-based animus toward Plaintiff," the individual defendants have discriminated against the plaintiff and denied him the right to voice his unwillingness to be part of the alleged fraudulent tax activities.

In addition, throughout the complaint the plaintiff speaks about the defendants'

conspiracy without exactly defining what the conspiracy is.  As best as I can decipher, the alleged conspiracy is either a conspiracy to defraud the government and the Spa's employees or a conspiracy to deny "the rights of Plaintiff from voicing not to be part of the team that defraud local and federal tax agencies."

**II.     STANDARD TO APPLY WHEN DECIDING A MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915 provides a two-step process for reviewing *in forma pauperis* petitions. First, a district court must evaluate the financial status of the plaintiff and determine if he is eligible to proceed *in forma pauperis*.  See Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990); Jones v. Republican Nat'l Comm., No. 04-4973, 2004 U.S. Dist. LEXIS 23332, at *2-5 (E.D. Pa. Nov. 15, 2007).  The court "may authorize the commencement . . . [of a] civil [suit] . . ., without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 455 (3d Cir. 1996).  When determining if the person has met the § 1915(a)(1) standard for poverty, courts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess.  See Azubuko v. Riordan, No. 05-095, 2005 U.S. Dist. LEXIS 6559, at *3 (D. Del. Apr. 4, 2005).  Whether to grant or deny an *in forma pauperis* petition lies within the sound discretion of the trial court. See Jones v. Zimmerman, 752 F.2d 76, 78 (3d Cir. 1985).

Second, if the court concludes the person has met the requisite pauper standard, the court still must dismiss the case if it is frivolous or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In determining whether to dismiss a claim pursuant to § 1915(e)(2)(B)(ii), courts apply the same standard of review as used when considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Randall v. City of Phila., No. 97-5948. 1998 U.S. Dist. LEXIS 1438, at *1-2 (E.D. Pa. Feb. 5, 1998) (using Rule 12(b)(6) standard to determine whether plaintiff's claim should be dismissed under § 1915(e)(2)(B)(ii)).  Under this standard, a court must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.  See Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006) (citing Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66 (3d Cir. 1988)).

### III.  DISCUSSION

#### A.  Motion to Proceed *In Forma Pauperis*

The plaintiff attached a verified Statement in Support of Request to Proceed In Forma Pauperis to his motion.  The statement indicates that the plaintiff is currently employed at the Spa in Philadelphia and earns between $1,200 and $1,500 per month.  In

addition, the plaintiff maintains a checking account with a balance between $100 and $200. The plaintiff has no other sources of income and no assets of substantial value. Finally, the plaintiff's wife relies on him for support. Accepting all of these statements as true, I find that the plaintiff does not have the financial means to pay the $ 350.00 filing fee to commence his civil action. Accordingly, I will grant the plaintiff's request to proceed *in forma pauperis*.

B.   Merits of Claim

Although I will grant the plaintiff *in forma pauperis* status, I nonetheless find that the plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] Even the most liberal reading of the complaint fails to uncover a legitimate federal claim or a claim that could be a basis for federal jurisdiction.

The complaint states that the plaintiff's First Amendment speech rights were violated by the defendants.[2] This action lacks any legal basis because each of the individuals and the Spa are private individuals. The complaint makes no allegation of governmental action. The Supreme Court has stated that "the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state." Hudgens v. NLRB, 424 U.S. 507, 513 (1976). See also Hurley v. Irish-American Gay

---

[1] In determining the sufficiency of a pro se complaint, the court is mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

[2] The First Amendment to the United States Constitution states that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of press." U.S. CONST. amend. I.

Group of Boston, 515 U.S. 557, 566 (1995) (recognizing that "the guarantees of free speech . . . guard only against encroachment by the government and 'erect no shield against merely private conduct.'" (citation omitted)).

If the plaintiff is attempting to raise an employment racial discrimination claim against the defendants under Title VII, such a claim fails to state a claim upon which relief can be granted. First, the plaintiff has not alleged or shown that he has ever pursued the required administrative remedies under Title VII. "The total failure of a plaintiff to file an administrative charge with the EEOC or other pertinent state agency deprives the court of jurisdiction to adjudicate his discrimination claim." Levin v. Office of Voc. Rehab., No. 96-5779, 1998 U.S. Dist. LEXIS 17977, at *1-3 (E.D. Pa. Nov. 13, 1998) (citations omitted). See Burgh v. Borough Council of Montrose, 251 F.3d 465, 470-71 (3d Cir. 2001) (noting that without giving the EEOC the opportunity to resolve a dispute, a complainant cannot bring suit under Title VII). See also Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) ("if the action is one in which exhaustion of administrative remedies can be required, a district court may dismiss it [as frivolous] if such remedies have not been exhausted"). In the absence of any suggestion that the plaintiff pursued the requisite administrative remedies, this court cannot adjudicate any Title VII claim.

Second, even if the administrative remedies were not a jurisdictional requirement, the plaintiff does not allege facts sufficient to establish a prima facie case under any theory of recovery under Title VII. The plaintiff's complaint fails to aver facts to suggest that the

6

actions of the defendants were part of a pattern of severe or pervasive racial discrimination. See Pa. State Police v. Suders, 542 U.S. 129, 133 (2004) (holding that a Title VII claim for hostile work environment requires a plaintiff to show that intentional discrimination was pervasive or severe).  Nor does the plaintiff allege that he experienced an adverse employment action due to the racial animus of the defendants.  See 42 U.S.C. § 2000e-2(a)(1) (stating Title VII prohibits discrimination in "compensation, terms, conditions, or privileges of employment" based upon race); King v. Sch. Dist. of Phila., No. 00-2503, 2001 U.S. Dist. LEXIS 10710, at *11-13 (E.D. Pa. July 26, 2001) (noting that a plaintiff bringing an intentional employment discrimination suit based upon race must allege an adverse employment action).  Finally, the plaintiff fails to claim that the defendants retaliated against him for engaging in a Title VII protected activity, such as filing an EEOC complaint. See 42 U.S.C. § 2000e-3(a); Moore v. City of Phila., 461 F.3d 331, 340-41 (3d Cir. 2006) (requiring a plaintiff who brings a Title VII retaliation suit to allege an adverse employment action due to engaging in an activity protected by Title VII).

     The only viable cause of action in the plaintiff's complaint is a breach of contract claim.  Such a claim is based on state law and it does not raise a federal question.  28 U.S.C. § 1332, however, provides a federal district court with jurisdiction over a civil action when the parties are citizens of different states and the amount in controversy exceeds $ 75,000.  See 28 U.S.C. § 1332(a).  Courts have traditionally interpreted the statutory language "between . . . citizens of different States" to require complete diversity

between all plaintiffs and all defendants. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Based on a review of the complaint, complete diversity of citizenship does not exist between the plaintiff and the defendants. The plaintiff is a citizen of Pennsylvania and so are the defendants the Spa and Barik. See 28 U.S.C. § 1332; Singh v. A.G. Daimler-Benz, 9 F.3d 303 (3d Cir. 1993). Therefore, regardless of the amount in controversy for the alleged breach of the employment contract (which I doubt exceeds $75,000 given that the breach occurred less than 5 months ago and the contract is based on a monthly salary of $1,500), this court cannot assert diversity jurisdiction over this claim. Accordingly, no basis for federal jurisdiction exists. Pursuant to 28 U.S.C. § 1367(c)(3), I will dismiss the plaintiff's breach of contract claim without prejudice and inform him that he may refile this state law claim in state court. See Markowitz v. Ne. Land Co., 906 F.2d 100, 106 (3d Cir. 1990) (noting that "the rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court" (citing Lovell Mfg. Corp. v. Export-Import Bank of the United States, 843 F.2d 725, 734 (3d Cir. 1988))).

## IV.  CONCLUSION

For the foregoing reasons, I will grant the plaintiff leave to proceed *in forma pauperis*, but dismiss his complaint because the claims either fail pursuant to 28 U.S.C. § 1915(e)(2)(B) or fail to invoke this court's jurisdiction.[3]

---

[3] It is not necessary to grant the plaintiff leave to amend the complaint to successfully plead an action that falls within this court's jurisdiction. Given the lack of complete diversity between the parties

---

and the plaintiff's failure to exhaust administrative remedies, any such amendment would be futile.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002) (holding that "in forma pauperis plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile").

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DESIRE AGBOZOUHOUE,** : | |
|     **Plaintiff,** : | **CIVIL ACTION** |
| : | **NO. 07-2803** |
|     **v.** : | |
| : | |
| **TOTAL SERENITY DAY SPA, et al.,** : | |
|     **Defendants.** : | |

## ORDER

**AND NOW**, this 16th day of August, 2007, upon consideration of plaintiff's Motion to Proceed In Forma Pauperis (Docket No. 1), and the attached Statement in Support of Request to Proceed In Forma Pauperis, it is hereby **ORDERED** that:

1)   Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**.

2)   Pursuant to 28 U.S.C. § 1915(e)(2)(B), plaintiff's complaint is **DISMISSED WITH PREJUDICE** as to the frivolous First Amendment claim and **WITHOUT PREJUDICE** as to any Title VII claim.

3)   Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** as to any breach of contract claim for lack of jurisdiction and plaintiff can proceed on this claim in Pennsylvania state court.

4)   The Clerk of Court shall mark this case as **CLOSED** for all purposes.

                    BY THE COURT:

                    /s/ Lawrence F. Stengel
                    LAWRENCE F. STENGEL, J.